Enrique Igaravídez, demandante y apelado, *v.* Luisa Casiano y Luis Jiménez, demandados y apelantes.

Núm. 7514.—*Sometido:* Enero 10, 1938. *Resuelto:* Marzo 31, 1938.

*Bolívar Pagán & Ortiz Alibrán,* abogados de los apelantes; *E. Igaravídez,* por su propio derecho, y *M. Rivera de la Vega,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR WOLF emitió la opinión del tribunal.

En diciembre 7, 1936, Enrique Igaravídez inició un pleito ordinario en ejecución de hipoteca contra Luisa Casiano y su esposo Luis Jiménez. Los demandados sometieron sin argumentarla una excepción previa de falta de hechos para determinar una causa de acción, y la misma fué declarada sin lugar. Posteriormente presentaron una negación general y el juicio del caso fué señalado para el 10 de marzo de 1937. El 9 de marzo del mismo año se radicaron ante la Corte de Distrito de San Juan dos mociones, una haciendo constar la renuncia de Ángel Rivera Colón como abogado de los demandados, y la otra, suscrita por los mismos demandados, solicitando la posposición del juicio. Al siguiente día la corte oyó el caso y más tarde dictó sentencia en favor del demandante, haciendo constar en ella que no existía razón alguna para la suspensión solicitada. Los demandados apelaron para ante este tribunal.

El 28 de mayo de 1937 rehusamos desestimar el recurso por frívolo. Nos confrontamos ahora con una segunda moción para desestimar la apelación, fundada en que la misma es frívola y en que ha sido proseguida con el único objeto de demorar los fines de la justicia.

En esta ocasión los autos del recurso están completos, y ambas partes han radicado sus respectivos alegatos sobre los méritos. El único error señalado por los demandados ataca el procedimiento seguido por la corte inferior al declarar sin lugar la moción en que se solicitaba se suspendiera o pospusiera el juicio del caso. El apelado sostiene que de los autos se desprende ampliamente la flojedad de la moción para suspender presentada por los demandados, moción que no estuvo fortalecida por ningún *affidavit* de méritos ni por ninguna alegación relativa a la existencia de una defensa específica y meritoria.

■■ Al considerar esta moción para desestimar hemos estudiado cuidadosamente todos y cada uno de los documentos radicados por las partes en este procedimiento. Tan sólo

un factor milita en pro de los aquí apelantes, y es el hecho de que ellos no estuvieron en verdad representados por letrado al ser llamado el caso para juicio ante la corte inferior. Asumiendo que este estado de cosas surgiera de la negativa de la corte inferior a posponer la vista, ¿constituyó esta negativa un abuso de discreción por parte del juez? A fin de poder contestar esta pregunta debemos considerar todas las circunstancias que rodearon el caso.

La única defensa suscitada por los demandados en su contestación a la demanda fué una negación general. Bajo tal alegación un juez está más que justificado en suponer que la parte demandada trata primordialmente de obligar al demandante que pruebe su caso. La demanda era una en ejecución de hipoteca, evidenciada ésta en documento público. La prueba de la obligación era prima facie clara. Aunque la corte inferior no expresó las razones que tenía para no acceder a la posposición de la vista, el proceder de los demandados entonces, después y como apelantes ante este Tribunal, ha justificado más que suficientemente lo razonable de tal negativa. Los demandados dejaron de sostener su contención principal en la moción solicitando se pospusiera el juicio. Debieron quizá haber acompañado una o más declaraciones juradas de los letrados que se habían negado a hacerse cargo de su defensa por falta de tiempo. Parece probable que algún letrado hubiera estado dispuesto a tomar el caso y hubiese radicado la correspondiente moción para que se suspendiera el juicio. Además, dicha moción no contenía alegación al efecto de que los demandados tenían una defensa especial, como la que indican ahora. Igualmente podría agregarse que aún después de sentencia, y antes de apelar para ante este tribunal, ellos y más específicamente sus letrados pudieron haber dado a la corte inferior la oportunidad de dejar sin efecto su decisión, de conformidad con el artículo 140 del Código de Enjuiciamiento Civil. No lo hicieron así.

En ninguna parte de los autos aparece escrito alguno que se asemeje siquiera a un *affidavit* de méritos. Los apelantes

dicen que tienen la defensa de pago parcial, mas esta alega-
ción no se ha hecho bajo juramento ni fué específicamente
presentada en la corte de distrito.

Bajo todas las circunstancias del caso, y especialmente en
vista del hecho de que los apelantes no nos han convencido
de que tienen un caso meritorio en apelación o de que tie-
nen en el caso principal alguna defensa que les dé derecho
a que se les conceda otra oportunidad ante la corte de pri-
mera instancia, somos del criterio que *el recurso debe ser
desestimado por frívolo*.

Así se ordena.

Los Jueces Asociados Señores Córdova Dávila y Travieso
no intervinieron.